# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 23, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARILYN G. COOK,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0835** (BOR Appeal No. 2050173)
(Claim No. 2002048616)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**LOGAN COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marilyn G. Cook, by Anne L. Wandling, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 29, 2015, in which the Board reversed and vacated a January 12, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 18, 2014, decision insofar as it denied authorization of hydrotherapy. The Office of Judges authorized the therapy and affirmed the decision insofar as it granted authorization of three massage therapy visits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Cook, a teacher, was injured in the course of her employment on March 13, 2002, when she slipped off of a chair and fell to the pavement. The claim was held compensable for lumbosacral sprain/strain, elbow contusion, and concussion. In a June 17, 2014, treatment note, Panos Ignatiadis, M.D., noted that she was still working. She reported headaches, neck pain, and back pain with radiation into her legs. It was noted that she had been treated with epidural injections, physical therapy, pain medication, and oral steroids in the past. She reported that she is constantly in pain. Dr. Ignatiadis noted that an MRI showed evidence of severe degenerative disc disease at L5-S1 as well as some moderately severe stenosis at L4-5. He assessed severe stenosis with radiculopathy and degenerative lumbar disc disease, which she has had for twelve years following the March of 2002 compensable injury. Dr. Ignatiadis opined that surgery should be a last resort and recommended massage therapy once a week for six weeks and hydrotherapy two to three times a week for six weeks to lessen her pain.

On July 17, 2014, Mohamed Fahim, M.D., reviewed the medical history and opined that the request for massage therapy should be reduced to three visits and the request for hydrotherapy should be denied. He found that studies have shown that massage can be beneficial for chronic back pain and that West Virginia Code of State Rules § 85-20-19 (2006) recommends up to three sessions. He also opined that hydrotherapy was not medically necessary or appropriate for the compensable injury. He stated that West Virginia Code of State Rules § 85-20 (2006) does not address hydrotherapy; however, the Official Disability Guidelines do not recommend it. He further stated that there is no published research showing that the treatment can take the place of other modalities or has any long-term benefit. Based on his opinion, the claims administrator denied the request for hydrotherapy and granted authorization of three massage therapy visits on July 18, 2014.

The Office of Judges reversed the decision insofar as it denied authorization of hydrotherapy on January 12, 2015. It found that Dr. Ignatiadis's opinion was entitled to equal evidentiary weight as that of Dr. Fahim. The Office of Judges noted that West Virginia Code of State Rules § 85-20 does not address hydrotherapy. It also noted that the claim was only compensable for a lumbar sprain/strain; however, by an Order of this Court in *Cook v. West Virginia Office of the Insurance Commissioner*, No. 12-1378 (April 29, 2014) (memorandum decision), an L2-3 microdiscectomy was authorized based on Dr. Ignatiadis's opinion. The Office of Judges stated that Dr. Ignatiadis opined in this instance that Ms. Cook's severe stenosis with radiculopathy and degenerative lumbar disc disease are compensable. The Office of Judges reasoned that Dr. Fahim, by finding that massage therapy is medically related to the compensable injury, supports Dr. Ignatiadis's opinion regarding hydrotherapy. This was because Dr. Ignatiadis requested hydrotherapy for the same condition as the massage therapy.

The Board of Review reversed and vacated the Office of Judges' Order and reinstated the claims administrator's decision on July 29, 2015. It found that Ms. Cook asked Dr. Ignatiadis if hydrotherapy would be beneficial and then he recommended the treatment. Dr. Fahim opined that three visits of massage therapy would be appropriate treatment but West Virginia Code of State Rules § 85-20 does not address hydrotherapy, and the Official Disability Guidelines do not recommend it. He noted that there is no published research supporting the claim that the

treatment can take the place of other modalities or that it has any long-term benefit. The Board of Review therefore concluded that Ms. Cook failed to meet her burden of proof to show that the treatment was medically necessary and reasonably required to treat her compensable injury.

After review, we agree with the reasoning and conclusions of the Board of Review. Ms. Cook has shown that she is entitled to massage therapy; however, she failed to prove that hydrotherapy is necessary and reasonable to treat her compensable injury. Hydrotherapy is not addressed in West Virginia Code of State Rules § 85-20 and is not recommended by the Official Disability Guidelines. Additionally, Dr. Fahim noted that there is no research showing that hydrotherapy has any long term benefits or can take the place of other methods of treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 23, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin